**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| NATHAN PAPPAS, | DOCKET NUMBER |
| Appellant, | AT-0752-15-0407-I-1 |
| v. | |
| DEPARTMENT OF THE AIR FORCE, | DATE: February 11, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Bobby Devadoss, Esquire, and Elizabeth Morse, Esquire, Dallas, Texas, for
the appellant.

Daniel J. Watson and Leah Eccles Watson, Eglin Air Force Base, Florida,
for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which
sustained his removal.  Generally, we grant petitions such as this one only when:
the initial decision contains erroneous findings of material fact; the initial
decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law.  Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions.  In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant was employed as a Supervisory Systems Development Engineer. Initial Appeal File (IAF), Tab 5 at 11. The agency proposed his removal based on one charge of use of illegal drugs and one charge of misuse of a Government travel card. *Id*. at 17-19. The appellant provided an oral response to the proposal. *Id*. at 14. After considering the appellant's response, the deciding official sustained his removal. *Id*. at 12-13.

¶3 The appellant filed the instant appeal challenging his removal.[2] IAF, Tab 1. He asserted that: (1) he was not guilty of the charges listed in the proposal and decision letter; (2) the facts listed therein were false and inaccurate; (3) the agency's action did not promote the efficiency of the service; and (4) his removal was motivated by discrimination. *Id*. In a later submission, the appellant challenged the penalty and alleged that the agency violated his due process rights because he was removed based upon the charge of conduct unbecoming of a supervisor, which was not the charge listed in the proposal. IAF, Tab 18 at 2-6.

---

[2] The appellant initially requested a hearing. IAF, Tab 1. However, he subsequently moved for a decision based upon the written record. IAF, Tab 16.

The appellant also argued that the agency committed disability discrimination. *Id*. at 16. The agency responded in opposition to the appellant's allegations. IAF, Tab 5 at 4-8, Tab 20 at 4-8.

¶4 The administrative judge issued an initial decision based upon the written submissions sustaining the removal. IAF, Tab 22, Initial Decision (ID). Specifically, he found that: (1) the agency proved both the charge of use of illegal drugs and misuse of a Government travel card; (2) the appellant failed to prove his due process affirmative defense because he was not removed based upon a new charge not previously proposed; (3) the appellant failed to prove his affirmative defense of disability discrimination because he was not a "qualified individual" with a disability; (4) the agency established that its action promoted the efficiency of the service; and (5) the penalty of removal did not exceed the tolerable bounds of reasonableness. ID at 5-12.

¶5 The appellant has filed a timely petition for review challenging the initial decision.[3] Petition for Review (PFR) File, Tab 1. Specifically, he argues that the administrative judge erred in deciding his due process and disability discrimination affirmative defenses and challenges the penalty determination by asserting that the administrative judge should have, but did not, consider that he requested a demotion in addition to a reassignment to a nonsupervisory position. *Id*. at 6-9. The agency has responded in opposition to the appellant's petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant did not establish his due process affirmative defense because he was notified of, and had the opportunity to respond to, the charges.</u>

¶6 The appellant argues that the agency committed a due process violation by proposing his removal based upon two charges but removing him on the basis of a

---

[3] On review, the appellant does not challenge the initial decision to the extent that it sustained the charges and found nexus. Petition for Review (PFR) File, Tab 1. We see no reason to disturb these findings.

new, completely different charge of conduct unbecoming of a supervisor. PFR File, Tab 1 at 6-8. We disagree because, as described below, the appellant was notified of, and had the opportunity to respond to, all of the charges.

¶7        Procedural due process requires an agency to afford an employee notice of the charges against him and of the agency's supporting evidence and to give that employee an opportunity to respond before effecting his removal. *See Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1375-76 (Fed. Cir. 1999). Procedural due process guarantees are not met if the employee has notice only of certain charges. *Id*. at 1376. In determining if an employee has received adequate notice of a charge, the Board examines the employee's reply to see whether the employee defended against it. *See, e.g.*, *Thome v. Department of Homeland Security*, 122 M.S.P.R. 315, ¶ 22 (2015).

¶8        The agency proposed the appellant's removal for "*Use of Illegal Drugs* and *Misuse of Government Travel Charge Card*, both of which constitute *Conduct Unbecoming of a Supervisor.*" IAF, Tab 5 at 17 (emphasis in original). The proposal letter stated that, as a supervisor, the appellant was entrusted with the responsibility to act on behalf of the agency and that his admitted and demonstrated use of illegal drugs and association with such activity caused the proposing official to lose trust and confidence in his ability to exercise sound judgment as a supervisor and in his duties as a senior-level engineer. *Id*. at 18. Regarding the misuse of a Government travel card charge, the proposal stated that misuse of any Government resource violates the basic obligation to safeguard Government resources for their intended purpose and that such conduct was not expected of a supervisor. *Id*.

¶9        In his oral response, the appellant stated that his doctor recommended, and he believed that, he should not have been a supervisor. IAF, Tab 5 at 14. He requested a demotion and reassignment instead of a removal. *Id*. The appellant described his psychological and addiction issues and how these related to his

misconduct. *Id*. He also acknowledged the impact of his actions and apologized for the effect of his conduct on his supervisors and the agency's program. *Id*.

¶10 The decision letter stated that the appellant was being removed for conduct unbecoming of a supervisor and found that the facts, as outlined in paragraphs one, two, and three in the proposal, which specified the original charges and described the underlying conduct, were fully supported by a preponderance of the evidence. *Id*.; *see id*. at 17-18. We agree with the administrative judge that the proposal as written was sufficient to put the appellant on notice of the specific conduct with which he was being charged and the fact that the agency considered that conduct to be unbecoming of a supervisor. The instant case is distinguishable from those in which the Board has found a due process violation based on the differing characterizations of the charge in the proposal and decision letters. For example, in *O'Connor v. Department of Veterans Affairs*, 59 M.S.P.R. 653 (1993), the Board found a due process violation where the agency's notice of proposed removal charged the appellant with having been convicted of a crime but the removal decision was based on underlying conduct that led to the alleged conviction. The Board in *O'Connor* found that the notice of proposed removal gave the appellant no reason to think he was being removed for his conduct, as distinguished from his conviction. *Id*. at 658. Here, by contrast, the notice of proposed removal gave the appellant clear notice of the basis for his removal. We therefore agree with the administrative judge that the agency did not violate the appellant's right to due process.

<u>The appellant did not establish his affirmative defense of disability discrimination.</u>

¶11 The administrative judge found that the appellant had not established his disability discrimination claim because he was "currently engaging" in the illegal use of drugs and therefore was not eligible for protection under the Rehabilitation Act. ID at 8-9. The appellant challenges this finding on review, arguing that he successfully completed, or was participating in, a supervised drug rehabilitation

program and no longer engaged in the illegal use of drugs.  PFR File, Tab 1 at 8-9.  For the reasons discussed below, we agree with the administrative judge.

¶12    Under the Rehabilitation Act of 1973, as amended by the Americans with Disabilities Act (ADA) of 1990, Pub. L. No. 101-336, to establish disability discrimination, an employee must show, inter alia, that:  (1) he is an individual with a disability, as defined by 29 C.F.R. § 1630.2(g); and (2) he is a qualified individual with a disability, as defined by 29 C.F.R. § 1630.2(m).[4]  *Miller v. Department of the Army*, 121 M.S.P.R. 189, ¶ 13 (2014).  A "qualified individual with a disability" does not include an employee "who is currently engaging in the illegal use of drugs, when the covered entity acts on the basis of such use." 42 U.S.C. § 12114(a).  However, under 42 U.S.C. § 12114(b), an individual is not excluded from Rehabilitation Act protection as someone currently engaged in the illegal use of drugs if he:  (1) successfully completed a supervised drug rehabilitation program where he is no longer engaging in the illegal use of drugs; (2) has otherwise been rehabilitated successfully and is no longer engaging in such use; (3) is participating in a supervised rehabilitation program and is no longer engaged in such use; or (4) is erroneously regarded as engaging in such use.  *See Adams v. Department of Labor*, 112 M.S.P.R. 288, ¶ 17 (2009).

¶13    Nothing in the record shows that the appellant met any of these criteria prior to the date his removal was proposed.  Here, the agency proposed the appellant's removal in November 2014, and described specific prior conduct to support its charge of illegal drug use—namely, that the appellant provided a specimen that was positive for illegal drugs and that he admitted to using illegal drugs.  IAF, Tab 5 at 17-18; *see id*. at 28, 33, 35-37.  After the appellant's

---

[4] As a Federal employee, the appellant's claim of disability discrimination arises under the Rehabilitation Act. However, the standards under the ADA have been incorporated by reference into the Rehabilitation Act. 29 U.S.C. § 791(g). Further, the ADA Amendments Act of 2008 (ADAAA), Pub. L. No. 110-325, 122 Stat. 3553 (codified at 42 U.S.C. §§ 12101 et seq.), applies to this appeal because the incidents in question occurred after the January 1, 2009 effective date of the ADAAA.

admission of drug use and the collection of the positive specimen, but prior to the proposal to remove him, the appellant entered a drug rehabilitation program. *Id.* at 46. The appellant completed this program in August 2014, *id.*, and, in December 2014, during his response to the proposal, he stated that he had not used drugs since that time, *id.* at 14. The appellant was removed in February 2015. *Id.* at 12-13. The appellant's admission to the misconduct, completion of a rehabilitation program, and statement in his oral reply that he had been drug-free do not negate this prior drug involvement. Therefore, we find that the appellant used drugs recently enough to exclude him from coverage as a qualified individual with a disability and that the agency could properly remove him based, in part, upon his illegal drug use. Accordingly, the appellant has not shown that he was entitled to the protections of the Rehabilitation Act.

¶14      Even assuming that the appellant was covered under the Rehabilitation Act, the appellant failed to demonstrate that he was removed on the basis of his drug addiction rather than on the basis of the charged misconduct. *See Adams*, 112 M.S.P.R. 288, ¶ 18. Further, the appellant did not present evidence that the agency tolerates the sort of misconduct that he committed from the nondisabled. *Id.* The appellant is not immunized from being disciplined for misconduct provided that the agency would have imposed the same discipline on an employee without a disability. *Burton v. U.S. Postal Service,* 112 M.S.P.R. 115, ¶ 16 (2009). He has presented no evidence that the agency would not have disciplined other employees without a disability for similar misconduct. Accordingly, he has failed to establish his affirmative defense of disability discrimination.

The appellant has not provided a basis for disturbing the penalty.

¶15      The appellant asserts that the administrative judge erred in his penalty analysis by failing to acknowledge that the appellant had requested reassignment to a nonsupervisory position during his response to the proposed removal. PFR File, Tab 1 at 8. In determining the penalty, the deciding official noted that the

appellant had requested a demotion and reassignment, but found that a lesser penalty than removal would not be in the best interest of the agency. IAF, Tab 11 at 15. The administrative judge did not specifically address the appellant's request, but found that the penalty of removal did not exceed the bounds of reasonableness, given that the appellant was a supervisor; he intentionally and repeatedly used illegal drugs over the course of a year and repeatedly misused his Government travel card for almost 8 months; and he worked with military aircraft, weapons and equipment systems programs, which rendered the sustained misconduct serious, as work performed by him or under his supervision while he was under the influence of drugs could result in an accident with the potential for loss of life and property. ID at 11-12.

¶16    The administrative judge's failure to mention the appellant's request for a demotion does not warrant an outcome different from that of the initial decision. The Board will not disturb an administrative judge's findings when he considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions. *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987). The administrative judge generally noted that the appellant argued for a lesser penalty. ID at 11. His failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision. *See Mithen v. Department of Veterans Affairs*, 122 M.S.P.R. 489, ¶ 14 (2015). Moreover, we agree with the administrative judge that the appellant's length of service and expression of remorse for his misconduct, although relevant, does not render the penalty of removal outside the tolerable limits of reasonableness.[5]

---

[5] Similarly, although we have considered the appellant's subsequent participation in a supervised drug rehabilitation program, it does not render the penalty of removal unreasonable under the circumstances. *Cf. Norris v. Securities & Exchange Commission*, 675 F.3d 1349 (Fed. Cir. 2012) (explaining that the Board must consider new, post-removal evidence in mitigation of the penalty that was not before the deciding official).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you

do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.